THEOPHILUS HAWKINS, Administrator, *v.* JESSE P. BROWN and another.

Where an action commenced by an administrator, is carried on, after the expiration of his administration, by the heirs, the defendant cannot examine him as a party, by annexing interrogatories to an amended answer.   The term of his administration having expired, he had no interest in the case, and cannot be interrogated as a party.

In an action for the price of a slave, the jury, if satisfied that he was addicted to theft, may either rescind the sale, or grant an abatement in the price.

As a general rule, the deposition of a witness cannot be read, if his personal attendance can be procured.

The deposition of a witness, to whom cross-interrogatories were propounded by the opposite party, having been taken *de bene esse*, and returned into court, the latter objected to its admissibility, on the ground that the witness, who was within the jurisdiction of the court, should have been produced in person.   *Held*, that the depositions were inadmissible ; and that it could not be inferred from the fact that no objection was made to the depositions previous to the trial, that the opposite party intended to dispense with the personal attendance of the witness.

Parol evidence is admissible to show that the vendor made known, at the time of the sale, the defects of the thing sold.

APPEAL from the District Court of Rapides, *Boyce*, J.

This case was submitted, without argument, by *Flint*, for the appellant.

BULLARD, J.   This is an action to recover the price of two slaves, sold at public auction as a part of the estate of the plaintiff's intestate.   The defence is the existence of redhibitory vices and defects.   The case was before this court some years ago, and remanded with instructions to the judge not to allow evidence of the crier's declarations unauthorized by the vendor, nor of the conversations of bystanders with the defendants, unless they tend to show, that the redhibitory vices and defects in the slaves were declared by the vendor to the vendee, before, or at the time of the sale.   7 La. 417.

A second trial resulted in a verdict and judgment against the defendants, from which Flint, the surety, has appealed.

The appellant has called our attention to several bills of exception, upon which he relies for a reversal of the judgment. The first is to the refusal of the judge to order Hawkins, the former administrator, who had brought the suit in that capacity, to answer certain interrogatories annexed to an amended answer. It was refused, on the ground that Hawkins had no interest in the suit, that his term of administration had expired, and that the suit was prosecuted by the heirs of Grimball, whose estate he had administered. It is clear that interrogatories can only be administered to a party, and if Hawkins had ceased to be so in his representative capacity, he could not be interrogated in the manner proposed.

The second bill is to the charge of the court to the jury. The jury were instructed that, if they were satisfied that one of the slaves was addicted to theft, they might abate the price, or grant an entire rescission of the sale, as they should think proper. The court, in our opinion, did not err. The appellant cannot justly complain, that the judge, after telling the jury that they might rescind the sale if they thought the redhibitory vice existed, which was all he could ask, added that they might diminish the price, and thereby give the defendants partial relief.

A third bill was taken to the admission of Boone's deposition, which was objected to on the ground that the witness was a resident of the parish, and not absent, and that the defendants had given notice to the plaintiff's counsel that they should object to the reading of the deposition. The objections were overruled, it appearing that the defendants had put interrogatories to the witness, that the deposition had been filed a long time in the record, and that no objection had been made to the form; and because it appeared to the court that the object of the parties was to dispense with the personal attendance of the witness.

It is undoubtedly a general rule, that the deposition of a witness cannot be read, if his personal attendance can be procured. The Code of Practice seems to contemplate the taking of depositions in certain cases, where the party is within the jurisdiction of the court. It does not appear, in this case, but that the deposition was intended to be only *de bene esse,* and, in our opin-

ion, the court erred in admitting it. It cannot be inferred from the defendants' having crossed the interrogatories, or not making the objection sooner, that they intended to dispense with the personal attendance of the witnesses, if within the reach of the process of the court.

There was a further objection to the testimony of Boone, which was overruled by the court. The objection was, that parol evidence was inadmissible of declarations made by any person at the auction sale, in relation to the warranty of the slaves, or their vices. That the written terms of sale must have been read, and that no proof could be given of any other, so as to modify the warranty. But the evidence was admitted, only to prove declarations made by Thomas Grimball, one of the heirs, and by any other heir, and proclaimed at the instant, the court considering the heirs as substantially warrantors. The court, in our opinion, did not err. That kind of evidence was admissible to show that the vendor made known, at the time of the sale, the defects of the thing sold ; and its admission conforms to the instructions of this court when the cause was remanded. The only valid objection was to the absence of Boone.

We have thought proper to notice and express our opinion on the several questions of law brought to our attention by the bills of exception, inasmuch as the case must be remanded for a new trial, in consequence of the erroneous admission of Boone's deposition.

The judgment of the District Court is, therefore, reversed ; and it is ordered that the case be remanded for a new trial, with instructions to the judge not to admit the depositions of Boone, unless upon showing that his personal attendance cannot be procured. The appellee to pay the costs of this appeal.